**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

RONALD KEITH DAVIS,

        Plaintiff,

    v.

CHRISTOPHER L. PARIS, et al.,

        Defendants.

CIVIL ACTION NO. 1:25-CV-01734

(MEHALCHICK, J.)

**ORDER**

Plaintiff Ronald Keith Davis ("Davis") commenced this action on September 17, 2025, against thirteen defendants. (Doc. 1). Davis names as defendants the Pennsylvania State Police ("PSP"), Commissioner Christopher L. Paris, Lieutenant Brian Wolfe, Sargeant Gary A. Willard, Jr., Corporal Jeffrey A. Goodman, Corporal Joseph M. Short, Corporal Brett R. Ast, Corporal Christopher A. Wright, Sergeant Shannon M. Eichenseer, and Lieutenant Timothy E. Janosco (together the "Commonwealth Defendants"), Francis T. Chardo III ("Chardo"), Sarah M. Phillips ("Phillips"), and Magisterial District Judge Rebecca Margerum ("Judge Margerum"). (Doc. 1, at 2-5, 12-13). Davis's complaint alleges "unlawful/malicious arrest," "excessive/denied bail," and "due process & retaliation." (Doc. 1, at 9). In her Report and Recommendation, the Honorable Magistrate Judge Susan E. Schwab liberally construes Davis's claims to be Fourth, Eighth, Fourteenth, and First Amendment claims. (Doc. 28, at 5). Davis also seeks "injunctive relief prohibiting Defendants from engaging in further unconstitutional practices." (Doc. 1, at 10). Davis's complaint concerns his September 21, 2023 arrest for strangulation, unlawful restraint, false imprisonment, simple assault, official oppression, and recklessly endangering another person. (Doc. 1, at 6; Doc. 28, at 3). Davis alleges that the charges were filed maliciously and in

retaliation for previous reports he made about his partner. (Doc. 1, at 6; Doc. 28, at 3). The Commonwealth Defendants, Chardo and Phillips, and Judge Margerum filed motions to dismiss Davis's complaint. (Doc. 13; Doc. 18; Doc. 23). Davis filed a brief in opposition to the Commonwealth Defendants' motion to dismiss, but he has not filed timely briefs in opposition to Chardo and Phillips's or Judge Margerum's motions to dismiss. (Doc. 26; Doc. 28, at 6).

Presently before the Court is a Report and Recommendation filed by Judge Schwab ("the Report") recommending that the Court dismiss Davis's complaint as follows. (Doc. 28). Judge Schwab recommends that the Court dismiss Davis's request for injunctive relief without prejudice based on lack of standing. (Doc. 28, at 36). Judge Schwab recommends that the Court grant Judge Margerum's motion to dismiss (Doc. 13), dismiss Davis's claims against Judge Margerum in her official capacity without prejudice because those claims are barred by the Eleventh Amendment, and dismiss Davis's claims against Judge Margerum in her individual capacity with prejudice. (Doc. 28, at 36). Judge Schwab recommends that the Court grant Chardo and Phillips's motion to dismiss (Doc. 18), dismiss Davis's claims against Chardo and Phillips in their individual capacities with prejudice, and dismiss Davis's claims against Chardo and Phillips in their official capacities without prejudice to Davis amending his complaint as to those claims. (Doc. 28, at 36). Judge Schwab recommends that the Court grant the Commonwealth Defendants' motion to dismiss (Doc. 23), dismiss Davis's claims against the PSP and the Commonwealth Defendants in their official capacities without prejudice because those claims are barred by the Eleventh Amendment, and dismiss Davis's claims against the Commonwealth Defendants in their individual capacities without prejudice to Davis amending his complaint as to those claims. (Doc. 28, at 36-37). Finally,

Judge Schwab recommends that the Court grant Davis leave to file an amended complaint, and that the Court remand the case to Judge Schwab for further proceedings. (Doc. 28, at 37). In the Report, Judge Schwab informed Davis that he had fourteen days to file an objection to the Report. (Doc. 28, at 37-38). No objections to the Report have been timely filed. Having reviewed the reasoning of the Report and relevant law, the Court will **ADOPT** the Report in its entirety. (Doc. 28).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a Report and Recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

The Court agrees with the Report's sound reasoning and discerns no error of law. Accordingly, **IT IS HEREBY ORDERED THAT** the Report (Doc. 28) is **ADOPTED IN**

**ITS ENTIRETY** as the opinion of the Court. The complaint (Doc. 1) is **DISMISSED**. Davis's request for injunctive relief is **DISMISSED without prejudice for lack of standing**. (Doc. 1). Judge Margerum's motion to dismiss (Doc. 13) is **GRANTED**. The claims against Judge Margerum in her official capacity are **DISMISSED without prejudice**, and the claims against Judge Margerum in her individual capacity are **DISMISSED with prejudice**. Defendants Chardo and Phillips's motion to dismiss (Doc. 18) is **GRANTED**. The claims against Chardo and Phillips in their individual capacities are **DISMISSED with prejudice**, and the claims against Chardo and Phillips in their official capacities are **DISMISSED without prejudice**. The Commonwealth Defendants' motion to dismiss (Doc. 23) is **GRANTED**. The claims against PSP and the Commonwealth Defendants in their official capacities are **DISMISSED without prejudice**, and the claims against the Commonwealth Defendants in their individual capacities **are DISMISSED without prejudice**. Davis is **GRANTED** leave to file an amended complaint. The Court remands the case to the Honorable Susan E. Schwab for further proceedings.

Dated: June 30, 2026

s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**United States District Judge**

4